The opinion of the Court was delivered by
O’Neall, J.
The complainant contends that Walker’s judgment should not stand for more than $ 1,000, the sum at which he boughJ.it. This is supposed to be correct, because $750 of the money advanced by him, was with his consent used by Ferguson, and not applied, as first intended, to buy the judgment. But there cannot be any force in this objection. No matter at what price Walker bought the judgment, he was, as against the debtor, entitled to the whole amount. He owed the money, and to him it must have been immaterial to whom he was to pay. The only question between him .and the assignee, *376 was, how much was due on the judgment: the assignment gave Walker the right to demand the whole, and whether he abated a part or none, was optional with him. But, in fact, Walker appears to have pursued a perfectly just and equitable course. He was willing to give $1,750 for the judgment. Ferguson was authorized to give that much for it. He subsequently bought it for $1,000, and the defendant paid that sum in addition to the $750, which he had previously advanced for it, so that he claimed on the judgment no more than the money and interest which he paid for it..
The complainant insists that $9S9 50, paid by the deceased to Walker, was a payment and satisfaction pro tanto of the judgment. I am very much inclined to think 'that if the money had been paid on the judgment, no subsequent agreement between the parties to give it a different application, could set up the lien of the judgment as against third persons for the sum so paid. But it appears that the only evidence on this subject, is the answer of the defendant. He swears, that he was,the endorser of the deceased in several banks; that the deceased is now indebted to him, by notes'which he endorsed and has been compelled to pay, in a considerable sum besides this judgment. That he gave a receipt for the money generally on account; that, after a short time, finding that three' notes of Murray, endorsed by him, amounting to $925, had been protested, the said Murray requested him to apply the money which he had received, to their payment; that he did so, and Murray gave him up the receipt; which has been destroyed. According to this statement, he had the right to apply the money to any of the different debts of Murray for which he (Walker) was liable, or which belonged to him. The money was a mere deposit with him, and if he applied it as his debtor wished, it would be difficult to say how his creditors can change the application.
It is supposed that Tunno’s judgment is a copartnership debt, and cannot be enforced against the individual estate of one of the partners. There is no doubt that the judgment was a debt against the firm of Murray & McLeod. But there is as little *377 doubt that, on the death of McLeod, the judgment survived against Murray, and it became, in law, the debt of Murray alone, and that it could alone be legally enforced against him or his representatives. But I should think that a judgment against partners created a lien, from its date, on the estates of both partners. If there were both partnership and separate estates, the rule in equity would be, that the partnership eifects should be first applied to the partnership debts: but after these were exhausted, I know of no rule which would authorize subsequent judgments against either of the partners, to be preferred to senior judgments against them both.
By Murray’s agreement with the defendant, he made the judgment his own debt: this was before the complainant obtained a judgment, and he has, therefore, in no point of view, a right to complain.
The defendant, Walker, contends that he has a right now to be paid under his judgment, not only the balance of $ 1,888 70, with the interest thereon, but also the sum of $802 which he has paid as an endorser of Murray. This depends upon the question whether Walker can now vacate the entry of the receipt of $4,367 80 made by him on the judgment, for which, it is conceded, no money was paid by the deceased. It was purely gratuitous on the part of Walker, and done to reduce the judgment to the amount actually paid for it by him. Without entering into the question, whether, if this was to bo regarded merely as a receipt, Walker would not have the right to vacate it as without consideration ? it will be sufficient for the purposes of this case to say, that the entry made is a suggestion entered, formally and technically on the record, of satisfaction in part, to the amount of $4,367 80. It is made thereby a part of the record, and against it the defendant can not aver any thing.
The Chancellor’s decree is affirmed.
JohnsoN, J., concurred.